**IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**TIMOTHY ALLEN MCCOY**                                                       **PETITIONER**

**v.**                                              **CIVIL ACTION NO. 3:20-cv-235-HTW-MTP**

**RONALD KING**                                                                **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 filed by Petitioner Timothy Allen McCoy and Respondent's Motion to Dismiss [6] pursuant to 28 U.S.C. § 2244(d). Having considered the parties' submissions and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [6] be granted and the Petition [1] be dismissed with prejudice as untimely.

## PROCEDURAL HISTORY

On April 9, 2013, in the Circuit Court of Newton County, Mississippi, Petitioner was convicted of four counts of sexual battery and one count of exposing a person to human immunodeficiency virus ("HIV"), arising from Petitioner's sexual encounter with a minor. ([7-1] at 29-34). On April 11, 2013, Petitioner was sentenced to serve seventy-five (75) years in the custody of the Mississippi Department of Corrections. ([7-1] at 29-34). Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, which assigned the case to the Mississippi Court of Appeals. On April 19, 2016, the court of appeals, in a written opinion, affirmed the trial court's judgment. *See McCoy v. State*, 205 So. 3d 687 (Miss. Ct. App. 2016). On December 8, 2016, the Mississippi Supreme Court denied Petitioner's petition for writ of certiorari. ([7-4] at 57). Based on a review of the record and a review of the United States

1

Supreme Court's automated docket system,[1] Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

On December 13, 2017, Petitioner filed a motion for post-conviction collateral relief ("PCR motion") in the Mississippi Supreme Court. ([7-6] at 238-96).[2] On May 3, 2018, the supreme court denied the PCR motion. ([6-3]). On December 6, 2018, Petitioner filed a second PCR motion, which the supreme court denied on March 28, 2019. ([7-6] at 112-67; [6-4]). On June 6, 2019, Petitioner filed a third PCR motion, and on June 26, 2019, the supreme court denied the motion and prohibited Petitioner from filing further PCR motions *in forma pauperis*. ([7-6] at 29-40; [6-5]).

On April 2, 2020, Petitioner submitted his Petition for Writ of Habeas Corpus [1]. On May 11, 2020, Respondent filed a Motion to Dismiss [6], arguing that the Petition is untimely and should be dismissed. On three separate occasions, Petitioner moved for additional time to file a response to the Motion to Dismiss [6]. *See* Motions [8] [13] [17]. Ultimately, the extended deadline for Petitioner to file a response passed without a response from Petitioner. *See* Order [18].

---

[1] *See* https://www.supremecourt.gov/docket/docket.aspx (last visited November 16, 2020).

[2] The PCR motion was signed on December 13, 2017 and stamped filed on December 18, 2017. Mississippi follows the "mailbox rule" with respect to PCR motions filed by *pro se* prisoners. *See Sykes v. State*, 757 So. 2d 997, 1000-01 (Miss. 2000); *see also Causey v. Cain*, 450 F.3d 601, 606-07 (5th Cir. 2006) (holding that the application of the "mailbox rule" to state court filings is a matter of state law to be respected by the federal courts). Under the "mailbox rule" a prisoner's pleading is deemed filed when he delivers it to prison officials for mailing. The Court will give Petitioner the benefit of the doubt and assume that his PCR motion was delivered to prison officials on the same day he signed it.

**ANALYSIS**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). The Fifth Circuit clarified the law for purposes of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review. We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

On December 8, 2016, the Mississippi Supreme Court denied Petitioner's petition for writ of certiorari. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. Accordingly, Petitioner's judgment became final—and the statute of limitations for federal habeas relief began to run—on March 8, 2017 (December 8, 2016, plus 90 days). Petitioner was required to file his federal habeas petition by March 8, 2018, unless he is entitled to statutory and/or equitable tolling. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his Petition on April 2, 2020, more than three years after the judgment became final.

**Statutory Tolling**

Whether statutory tolling occurred during the period between the judgment becoming final on March 8, 2017 and Petitioner filing his federal habeas Petition on April 2, 2020, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending. As previously stated, Petitioner first filed a PCR motion on December 13, 2017. ([7-6] at 238-96). The motion was denied on May 3, 2018. ([6-3]). As a result, the limitation period was tolled, at most, for 141 days (December 13, 2017 to May 3, 2018).

Petitioner filed his second and third PCR motions on December 6, 2018 and June 6, 2019, respectively. By the time Petitioner filed these motions, however, the time for filing a federal habeas petition had already expired. Accordingly, these motions did not toll the limitation period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the limitation period expired); *Baldwin v. Parker*, 2006 WL 3858896, at *3 (S.D. Miss. Dec. 28, 2006). Thus, Petitioner was required to file his federal habeas petition by July 27, 2018 (March 8, 2018, plus 141 days). Petitioner filed his Petition on April 2, 2020, long after the deadline expired.

**Equitable Tolling**

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in § 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable

4

tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). Additionally, in order to establish that he is entitled to equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently . . . ." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811). Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner makes no argument for equitable tolling, and nothing in the record indicates the presence of rare and exceptional circumstance warranting equitable tolling.[3]

**Actual Innocence**

Petitioner raises several grounds for relief in his Petition, and in Ground 8, Petitioner argues that he is actually innocent. The Supreme Court has explained that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, "tenable actual-innocence gateway pleas are rare . . . ." *Id*. In order for a petitioner to meet the threshold requirement, he must persuade "the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

---

[3] Petitioner failed to respond to the Motion to Dismiss [6], but in his Petition, he briefly discussed the timing of his federal habeas filing, arguing that his Petition was timely because he filed three PCR motions. As previously discussed, however, Petitioner's first PCR motions tolled the limitation period for 141 days, but his second and third PCR motions did not toll the limitation period.

Petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. at 824.

A habeas action is not a retrial, and Petitioner enjoys no presumption of innocence. In fact, actual innocence claims "'come . . . before the habeas court with a strong—and in the vast majority of cases conclusive—presumption of guilt.'" *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005) (quoting *Schlup*, 513 U.S. at 326). The issue for this Court is not whether reasonable doubt may have existed if new information were presented to the jury, but rather that no reasonable juror would have found the defendant guilty. *Schlup*, 513 U.S. at 329.

Petitioner does not provide detail concerning this claim in his Petition, but in his state court filings, Petitioner argues that he is innocent of the sexual battery charges because the minor, with whom Petitioner had sex, was sixteen, not fifteen as required by the criminal statute. Miss. Code Ann. § 97-3-95(1)(c) provides as follows: "A person is guilty of sexual battery if he or she engages in sexual penetration with: . . . (c) A child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child . . . ."[4]

Petitioner's argument revolves around the date of the sexual encounter. The minor testified that the encounter occurred in mid-April of 2012, when he was fifteen years old. Petitioner admitted that he had a sexual encounter with G.G., but he testified that the encounter occurred on July 28, 2012, after the minor's sixteenth birthday on July 12, 2012.

In its opinion, the Mississippi Court of Appeals addressed the conflicting testimony at trial concerning the date of the encounter.

> [McCoy] asserts the evidence showed the first contact occurred on July 22, 2012, and the sexual encounter occurred on July 28, 2012, after G.G. turned sixteen,

---

[4] Petitioner was forty-one at the time of his sexual encounter with the minor.

6

> rather than April 13, 2012, as charged in the indictment. McCoy argues his convictions on Counts I-IV should not be based on G.G.'s testimony alone as to when the encounter occurred. However, G.G. was not the only one who testified that the encounter occurred in mid-April, while he was fifteen. G.G.'s mother testified that she became suspicious and began reviewing G.G.'s phone records on "Mother's Day of 2012," which was in May, and discovered communication with McCoy. Investigator Kelly testified that based on his interview of G.G., conversations with G.G.'s parents, and phone records, he determined the date of the meeting was "on or about" April 13, 2012. While Investigator Kelly admitted he could not pinpoint the specific date, he determined the conduct occurred during the weekend of April 13-15, 2012; thus, his report states "on or about" April 13. While McCoy testified that the encounter occurred on July 28, 2012, on cross-examination, when McCoy was asked if he was sure the encounter occurred on July 28, 2012, he responded, "I might not be sure, but I'm almost positive that's the date it happened."

*McCoy*, 205 So. 2d at 693-94. Noting that it is the jury's duty to resolve conflicts created by conflicting testimony, the court of appeals determined that a reasonable jury could have found Petitioner guilty beyond a reasonable doubt. *Id*. at 694.

In his PCR motion, Petitioner submitted two signed statements. In one, Robert Roach states that Petitioner was a guest at Roach's home in Biloxi, Mississippi, from an unspecified time on April 13, 2012 until noon on April 14, 2012. ([7-6] at 314).[5] Another from Lonnie Smith states that Smith was with Petitioner from approximately 3:00 p.m. on April 13, 2012 until mid-afternoon on April 14, 2012. ([7-6] at 309-11).

These statements "must be considered in light of the proof of petitioner's guilt at trial . . . ." *Herrera v. Collins*, 506 U.S. 390, 418 (1993). As the court of appeals explained, there was evidence presented at trial—including testimony from the minor—indicating that the sexual encounter occurred during the weekend of April 13-15, 2012. The statements from Roach and

---

[5] The undersigned notes that the original dates in the statement have been marked through and replaced with handwritten dates, with no indication that the edits were made by Roach.

7

Smith do not account for Petitioner's whereabouts during that entire timeframe. Moreover, had their testimony been offered at trial, it could have been weighed by the jury, along with the evidence offered by the State, and their statements do not satisfy the burden of showing that no reasonable juror would have found Petitioner guilty. Their testimony, at best, would have established conflicting testimony among witnesses, a circumstance that already existed. The jury would have been required to weigh credibility, just as it did with the trial witnesses. The existence of a "swearing match" would not establish that no reasonable juror could have found Petitioner guilty beyond a reasonable doubt. *Bosley*, 409 F.3d at 665. Accordingly, the statements do not reach the level of certainty required in habeas cases to question the finality of state court judgments.[6]

## CONCLUSION

Petitioner's state court judgment became final on March 8, 2017. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A) and the statutory tolling period found in 28 U.S.C. § 2244(d)(2), Petitioner was required to file his federal habeas petition by July 27, 2018. Petitioner filed his Petition on April 2, 2020. Petitioner has failed to establish that additional statutory or equitable tolling is appropriate or that he is actually innocent. Accordingly, he cannot avoid the statutory bar of § 2244(d).

---

[6] The undersigned also notes that in Ground 7 of the Petition, Petitioner states that there is newly discovered evidence in the form of alleged alibi witnesses and an alleged individual who also admitted to having a sexual encounter with the minor. Petitioner, however, presents nothing to the Court which could be considered new evidence that invokes the "factual predicate" exception of 28 U.S.C. § 2244(d)(1)(D), which provides that the limitation period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

8

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [6] be GRANTED and that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 20th day of November, 2020.

s/ Michael T. Parker  
United States Magistrate Judge
