IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TIMOTHY ALLEN MCCOY**                                                      **PETITIONER**

V.                                      CIVIL ACTION NO. 3:20-CV-235-HTW-MTP

**RONALD KING**                                                                **RESPONDENT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before this court pursuant to the Report and Recommendation of United States Magistrate Judge Michael T. Parker, filed on November 20, 2020. [**Docket no. 9**]. To date, Petitioner has filed no objections to the Report and Recommendation of the United States Magistrate Judge; instead, on January 4, 2021, Petitioner filed a Motion to Amend/Correct his Petition for Writ of Habeas Corpus. [Docket no. 22]. Petitioner, on the same day, also submitted a Motion to Appoint Counsel. [Docket no. 23]

This court notes that Petitioner failed to attach a proposed Amended Petition to his motion to amend the initial petition. This court, nonetheless, has reviewed the proposed Motion to Amend, and considered the Petitioner's request that he be allowed to raise additional arguments challenging the merits of his conviction and sentence. [Docket no. 22].

This court finds that granting Petitioner's requested leave to amend his petition to add additional claims would be futile, since any such additional grounds would fail to overcome this court's finding that Petitioner's petition is time-barred from federal habeas corpus review under 28 U.S.C. § 2244(d)[1].

---

[1] A petitioner seeking federal habeas relief must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review." 28 U.S.C. § 2244 (d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003).

Furthermore, Petitioner's Motion to Amend offers no proof that Petitioner's delay in failing to raise any new claims was due to oversight, inadvertence, or excusable neglect. *Gregor v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). This court, therefore, must deny Petitioner's request to amend his petition for writ of habeas corpus.

Based upon the evidence therein contained, this court finds the Report and Recommendation of the United States Magistrate Judge to be well-taken; therefore, the Report and Recommendation **[Docket no. 9]** hereby is **ADOPTED** as the Order of this court.

This court, in lockstep with the recommendation of the United States Magistrate Judge, **GRANTS** Respondent Ronald King's *Motion to Dismiss* **[Docket no. 14].**

Further, this court hereby **DISMISSES** the Petition for Writ of Habeas Corpus [Docket no. 1] **WITH PREJUDICE**; consequently, Petitioner's Motion to Amend/Correct Petition for Writ of Habeas Corpus **[Docket no. 22]**, and Motion to Appoint Counsel **[Docket no. 23]** hereby are also **DISMISSED AS MOOT**.

**SO ORDERED AND ADJUDGED this the 30th day of March, 2021.**

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**